Matter of Falcao v Incorporated Vil. of Southampton Bd. of Architectural Review & Historic Preserv.

2026 NY Slip Op 03165

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Charles A. Falcao, et al., appellants,

v

Incorporated Village of Southampton Board of Architectural Review and Historic Preservation, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2023-04638, 2024-04546, (Index No. 613170/22)

Hector D. Lasalle, P.J.

William G. Ford

Helen Voutsinas

James P. McCormack, JJ.

McAuliffe Law, PLLC, East Hampton, NY (E. Timothy McAuliffe, Jr., of counsel), for appellants.

Matthews, Kirst & Colley, PLLC, East Hampton, NY (Brian E. Matthews of counsel), for respondent.

In a proceeding pursuant to CPLR article 78 to annul a determination of the Incorporated Village of Southampton Board of Architectural Review and Historic Preservation dated June 13, 2022, which, after a hearing, denied the petitioners' application for approval to install a standing seam metal roof in place of the existing slate roof, black window trim, and a second story balcony, the petitioners appeal from (1) a decision of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated March 29, 2023, and (2) a judgment of the same court dated May 31, 2023. The judgment, upon the decision, denied the petition and, in effect, dismissed the proceeding.

[*1]

DECISION & ORDER

By order to show cause dated May 22, 2024, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the decision on the ground that no appeal lies from a decision. By decision and order on motion of this Court dated July 1, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals, it is

ORDERED that the motion to dismiss the appeal from the decision is granted; and it is further,

ORDERED that the appeal from the decision is dismissed; and it is further,

ORDERED that the judgment is affirmed; and it is further,

ORDERED that one bill of costs is awarded to the respondent.

The motion to dismiss the appeal from the decision must be granted, as no appeal lies [*2]from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510).

The petitioners own a Tudor Revival-style home located in Southampton Village (hereinafter the premises). In December 2020, the petitioners applied to the Incorporated Village of Southampton Board of Architectural Review and Historic Preservation (hereinafter the Board) for approval to modify the exterior of the premises. After the Board approved the petitioners' revised architectural plans, pursuant to which the petitioners agreed to forego the installation of a standing seam metal roof, black window trim, and a second story balcony, the petitioners renovated the premises in a manner that had not been approved by the Board. Specifically, the petitioners altered the exterior of the premises to include a standing seam metal roof in place of the existing slate roof and installed black window trim and a second story balcony. Upon completing the alterations, the petitioners filed a second application for approval of their as-built modifications. After a hearing, in a determination dated June 13, 2022, the Board denied the petitioners' application.

The petitioners commenced this CPLR article 78 proceeding to annul the Board's determination. In a decision dated March 29, 2023, the Supreme Court determined, inter alia, that the Board's determination was not arbitrary and capricious or contrary to law. In a judgment dated May 31, 2023, upon the decision, the court denied the petition and, in effect, dismissed the proceeding. The petitioners appeal.

In reviewing the Board's determination, this Court must consider only whether the "determination was made in violation of lawful procedure, was affected by an error of law[,] was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]). "In applying the 'arbitrary and capricious' standard, a court inquires whether the determination under review had a rational basis" (Matter of Akeson v Incorporated Vil. of Asharoken, 227 AD3d 706, 707 [internal quotation marks omitted]; see Matter of Hack v Town Bd. of Town of Putnam Val., 219 AD3d 489, 489-490). "A determination is rational if it has some objective factual basis, as opposed to resting entirely on subjective considerations such as general community opposition" (Matter of Palmer v Town of New Windsor Zoning Bd. of Appeals, 226 AD3d 688, 689-690 [internal quotation marks omitted]; see Matter of Morris Motel, LLC v DeChance, 199 AD3d 687, 688; Matter of Ramapo Pinnacle Props., LLC v Village of Airmont Planning Bd., 145 AD3d 729, 730-731; Matter of Caspian Realty, Inc. v Zoning Bd. of Apeeals of Town of Greenburgh, 68 AD3d 62, 67).

Here, the Board's determination was not arbitrary and capricious, as the Board considered various objective factors including, among other things, the historic Tudor Revival-style of the premises and did not base its determination solely upon subjective factors, such as community opposition (see Matter of Palmer v Town of New Windsor Zoning Bd. of Appeals, 226 AD3d at 690). Moreover, the petitioners failed to establish the existence of any prior determinations by the Board with sufficient factual similarity to their application so as to warrant an explanation from the Board for its alleged departure from its prior precedent (see Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn, 31 AD3d 635, 636).

The petitioners' remaining contention is without merit.

Accordingly, the Board's determination was not illegal, arbitrary and capricious, or an abuse of discretion. Therefore, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.

LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court